John R. Tyler, WSBA No. 42097
RTyler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Firestack-Harvey, et al,<br><br>                Defendant. | No. 13-CR-00024-FVS<br><br>Non-Party Google Inc.'s Motion to Quash Witness Subpoena<br><br>05/9/2014<br>Without Oral Argument |

## I.    INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records. To that end, Google Inc. ("Google") provided the Government with a 902(11) declaration to authenticate and admit certain business records that the government intends to use at trial. Despite the dictates

MOTION TO QUASH
(13-CR-00024-FVS) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

of Rule 902(11), the government has served non-party Google with a witness subpoena to authenticate those records (hereafter, the "Witness Subpoena"). *See* Exhibit 1 to the Declaration of Darren Hubbard ("Hubbard Decl."). The Witness Subpoena demands that Google send one of its California-based records custodians to Spokane to testify in this case. Google understands that the Government seeks testimony solely to establish the authenticity of the records produced—records within the ambit of Rules 803(6) and 902(11).

Google submits that the Witness Subpoena be quashed as unreasonable and oppressive because Google's business records can be authenticated and admitted without live testimony. *See* Fed. R. Cr. P. 17(c)(2).

## II. FACTUAL BACKGROUND

On November 13, 2012, Google received a subpoena from the Drug Enforcement Agency requesting certain business records related to a Gmail account. *See* Hubbard Decl., ¶ 4. Two days later, Google produced a PDF document containing responsive records, along with a certificate of authenticity consistent with Rules 803(6) and 902(11). *Id.*

On May 6, 2014, Google received a Witness Subpoena from the United States Attorney's Office, Eastern District of Washington, pursuant to Federal

MOTION TO QUASH
(13-CR-00024-FVS) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

Criminal Rule 17. *See* Hubbard Decl., Ex. 1. The Witness Subpoena demands that Google's Custodian of Records appear and testify at trial regarding its productions in response to the subpoena. Google understands that the Government believes Defendant may object to any certification in lieu of live testimony, and therefore seeks live testimony to establish the authenticity of the records produced by Google, but no issue has been raised as to the regularity, completeness or authenticity of the records. *See* Hubbard Decl., ¶ 6. Google has attempted to resolve this matter to no avail, and therefore files this Motion to Quash.

### III.    ARGUMENT

Federal Rule of Criminal Procedure 17(c)(2), permits a court to "quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., U.S. v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)).

MOTION TO QUASH
(13-CR-00024-FVS) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

A.  **The Witness Subpoena Seeks Duplicative and Unnecessary Testimony**

Federal Rule of Evidence 803(6)[1] provides an exception to the hearsay rule for records of regularly conducted activity as "shown by the testimony of the custodian or other qualified witness, *or by a certification that complies with Rule 902(11)*...." (emphasis added).  This exception applies if:

> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity . . . and
> **(D)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Under Federal Rule of Evidence 902(11), extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Here, the documents produced contain information recorded by

---

MOTION TO QUASH
(13-CR-00024-FVS) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

Google servers automatically at the time, or reasonably soon after, it was entered or transmitted by the user. *See* Hubbard Decl. Exs. 2-3; *see also* Fed. R. Evid. 803(6)(A),(B). The records were kept in the course of regularly conducted activity by Google, and were made in course of regularly conducted activity as a regular practice by Google. *See* Hubbard Decl. Exs. 2-3; *see also* Fed. R. Evid. 803(6)(C),(D). Google is aware of no allegation of untrustworthiness. *See, e.g.*, Fed. R. Evid. 803(6)(E). There can be no dispute that the documents are Google's business records under Rule 803(6), or that Google's declarations comply with Federal Rule 902(11). Therefore, the documents produced by Google have already been authenticated and the Government's request for testimony is duplicative and unreasonable.

The Supreme Court's decisions in *U.S. v. Melendez-Diaz*, 557 U.S. 305 (2009) (upholding Confrontation Clause challenge against admission of analyst report attesting that the substance analyzed was cocaine) and *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011) (upholding Confrontation Clause challenge against admission of blood alcohol analysis) do not change this analysis, as those cases concerned reports expressly produced for purposes of a criminal proceeding. By contrast, and as explained in

MOTION TO QUASH
(13-CR-00024-FVS) – 5

41063-0002/LEGAL120864627.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Melendez-Diaz*, "[b]usiness and public records are generally admissible absent confrontation" because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" and are therefore "not testimonial." *Melendez-Diaz*, 557 U.S. at 324. Courts generally agree that business records are non-testimonial and do not implicate the Confrontation Clause. *See U.S. v. James*, 712 F.3d 79, 102 (2d Cir. 2013) (rejecting Defendant's appeal, holding that toxicology report was non-testimonial and that admission did not implicate Confrontation Clause); *U.S. v. Feliz*, 467 F.3d 227, 237 (2d Cir. 2006) (rejecting Defendant's appeal and holding that non-testimonial business records do not implicate the Confrontation Clause); *U.S. v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of foreign mailbox applications and banks records authenticated by records custodian certificate, noting that use of certificates is permissible where the purpose is to authenticate records and not to establish facts); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records

MOTION TO QUASH
(13-CR-00024-FVS) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

custodian); *U.S. v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished); *U.S. v. Weiland,* 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted).[2]

Indeed, to compel Google to send a witness to provide live testimony would defeat the purpose of Rule 902(11), as noted by one of its drafters:

One of the most useful (though perhaps least noticed)

---

[2] *Cf. U.S. v. Marshall,* No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle,* 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd,* 507 F.2d 1368 (5th Cir. 1975), *on reconsideration,* 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed,* 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975).

MOTION TO QUASH
(13-CR-00024-FVS) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.*, 409 F. Supp. 2d 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.*, 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial").

**B.  The Witness Subpoena Imposes a Burden on Google That Outweighs the Government's Need for Testimony**

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena under Rule 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice §

MOTION TO QUASH
(13-CR-00024-FVS) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

45.32 (3d ed. 2007) *citing Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003).

The Government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). Google understands that the Government seeks live testimony primarily because it is concerned that Defendant will unreasonably argue that a declaration is inappropriate for some unexpressed reason.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Hubbard Decl. ¶ 2. Google's California-based team receives tens of thousands of requests for assistance yearly. *Id.* The types of investigations that lead to these requests run the gamut from drug cases and kidnapping to routine civil and criminal demands for records. *Id.* Courts throughout the country have accepted Google's

MOTION TO QUASH
(13-CR-00024-FVS) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

declarations of authenticity for business records pursuant to Rule 902(11). *Id.* If courts suddenly refused to accept Google's declarations of authenticity, forcing Google to send a witness (or witnesses) to attend every criminal trial in which its business records are offered as evidence, Google could not sufficiently staff its team. *Id.*

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google. More, third party record custodians should not be held hostage to pretrial brinksmanship of the parties.

## IV.  CONCLUSION

For the reasons stated, Google respectfully requests that the Witness Subpoena be quashed in its entirety as unreasonable and oppressive.

MOTION TO QUASH
(13-CR-00024-FVS) – 10

41063-0002/LEGAL120864627.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: May 8, 2014

s/ John R. Tyler
John R. Tyler, WSBA No. 42097
RTyler@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Non-Party Google Inc.*

MOTION TO QUASH
(13-CR-00024-FVS) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2014, I electronically field the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Earl A. Hicks
Assistant United States Attorney
United States Attorney's Office
920 West Riverside Avenue,
Suite 340, Spokane, WA 99201
Tel: (509) 353-2767
Fax: (509) 835-6397
Email: USAWAE.EHicksECF@usdoj.gov

Caitlin A Baunsgard
U S Attorney's Office - SPO
920 W Riverside Suite 300
P O Box 1494
Spokane, WA 99210-1494
509-353-2767
Fax: 509-835-6397
Email: USAWAE.CBaunsgardECF@usdoj.gov

*Attorneys for Plaintiff USA*

Jeffrey Scott Niesen
Jeffrey S Niesen Law Office
1411 W Pinehill Road
Spokane, WA 99218
509-467-8306
Fax: 509-467-9205
Email: jsniesen1@yahoo.com

*Attorneys for Defendant
Rhonda Lee Firestack-Harvey*

Bevan Jerome Maxey
Maxey Law Offices
1835 W Broadway
Spokane, WA 99201
509-326-0338
Email: hollye@maxeylaw.com

*Attorney for Defendant
Michelle Lynn Gregg*

Douglas Dwight Phelps
Phelps & Associates
2903 North Stout Road
Spokane, WA 99206
509-892-0467
Fax: 15099210802
Email: phelps@phelpslaw1.com

*Attorneys for Defendant
Rolland Mark Gregg*

Frank Louis Cikutovich
Stiley & Cikutovich PLLC
1403 West Broadway
Spokane, WA 99201
509-323-9000
Fax: 15093249029
Email: FrankC@legaljoint.net

MOTION TO QUASH
(13-CR-00024-FVS) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL120864627.2

Robert R Fischer
Federal Defenders - SPO
Eastern Washington
10 North Post
Suite 700
Spokane, WA 99201
509-624-7606
Fax: 509-747-3539
Email: robert_fischer@fd.org

Federal Public Defender - SPO
Spokane Office
North 10 Post
Suite 700
Spokane, WA 99201
509-624-7606
Fax: 15097473539
Email: andrea_george@fd.org

Matthew A Campbell
Federal Defenders of Eastern Washington & Idaho
10 North Post
Suite 700
Spokane, WA 99201
509-624-7606
Fax: 509-747-3539
Email: matt_campbell@fd.org

Syovata Edari
Federal Defenders of Eastern Washington & Idaho
10 North Post
Suite 700
Spokane, WA 99201
509-624-7606
Fax: 509-747-3539
Email: vata_edari@fd.org

*Attorneys for Defendant
Larry Lester Harvey*

J Tony Serra
Law Office of J Tony Serra
506 Broadway
San Francisco, CA 94133
415-986-5591
Fax: 415-421-1331
Email: jts@pier5law.com

Robert Flennaugh , II
Law Office of Robert Flennaugh II
810 3rd Avenue
Suite 500
Seattle, WA 98104
206-447-7422
Email: robert@flennaughlaw.com

*Attorneys for Defendant
Jason Lee Zucker*

**I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

MOTION TO QUASH
(13-CR-00024-FVS) – 13

41063-0002/LEGAL120864627.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

EXECUTED at Seattle, Washington, on May 8, 2014.

                                                s/ Nancy Lygren
                                               Nancy Lygren
                                               Legal Secretary

MOTION TO QUASH
(13-CR-00024-FVS) – 14

41063-0002/LEGAL120864627.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000