MICHAEL C. ORMSBY
United States Attorney
Earl A Hicks
Caitlin A. Baunsgard
Assistant U.S. Attorneys
Post Office Box 1494
Spokane, WA  99210-1494
(509) 353-2767

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 13-00024-TOR-1&2 |
|  | ) |  |
| Plaintiff, | ) | United States' Response to |
|  | ) | Defendants' Motion to Stay |
| v. | ) | Proceedings and Strike Deadlines |
|  | ) | and Trial Date  (ECF No. 583) |
| RHONDA FIRESTACK-HARVEY, | ) |  |
| LARRY LESTER HARVEY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Earl A. Hicks and Caitlin A. Baunsgard, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits the following Response to Defendants' Motion to Stay Proceedings and Strike Deadlines and Trial Date. (ECF No. 583).

The Defendants, Larry Lester Harvey[1] and Rhonda Firestack-Harvey are asking

---

[1]  A Motion for Dismissal was filed and granted by the Court re Larry Lester Harvey on

United States' Response to Defendants' Motion to Stay Proceedings and Strike
Deadlines and Trial Date - 1
P50218JJ.EAH.Harvey.Response.docx

this Court to Stay Proceedings so they can file an interlocutory appeal challenging this Court's ruling denying their Motion to Dismiss and/ or Enjoin Prosecution and Other Relief. (ECF No. 541; Defendant's Motion); (ECF No. 579; Court Order). The Defendants' motion to dismiss was based on a claim that the United States Department of Justice could not expend any funds which would prevent the State of Washington from implementing their own state laws regarding medical marijuana. Their claim is based upon the 2015 appropriations bill signed by President Obama on December 16, 2014. The defendants cite the Consolidated and Further Continuing Appropriations Act, Pub. L. No. 113-235, § 538, 128 Stat. 2130 (2014). The United States has always maintained that this is not a medical marijuana case because the defendants do not meet the requirements of the Washington State law which outlines the requirements for a defendant to have a valid affirmative defense under state law and also because it is not a defense under federal law.

The United States submits that this Court did not commit an error when it denied the defendants motion to dismiss. The United States objects to a stay in this matter because the defendants are not entitled to an interlocutory appeal.

## **Legal Argument**

Federal courts of appeals generally have jurisdiction only over "final decisions" of district courts. 28 U.S.C. § 1291. The final judgment rule "is strongest in the criminal

---

February 19, 2015. *See* ECF No. 595.

context," *Flanagan v. United States*, 465 U.S. 259, 265 (1984), because "delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law." *DiBella v. United States*, 369 U.S. 121, 126 (1962). Thus, although courts of appeals have jurisdiction under Section 1291 to hear appeals of "collateral orders," *see Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545 (1949), the Court has strictly limited the types of orders in a criminal case that fall within the collateral order doctrine. *See Abney v. United States*, 431 U.S. 651, 657 (1977) ("since appeals of right have been authorized in criminal cases * * * there has been a firm congressional policy against interlocutory or ' piecemeal' appeals"). "To fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

When it comes to motions to dismiss indictments, the Court has been exceedingly stingy. *See also United States v. Bird*, 359 F.3d 1185 (9th Cir. 2004) (denial of motion to dismiss indictment for failure to state essential element of the offense is not immediately appealable). It isn't enough, the Court has made clear, that the defendant invokes a right—even a constitutional one—that would be remedied by dismissing the indictment. *Midland Asphalt*, 489 U.S. at 801 (reaffirming the "'crucial distinction

United States' Response to Defendants' Motion to Stay Proceedings and Strike Deadlines and Trial Date - 3
P50218JJ.EAH.Harvey.Response.docx

between a right not to be tried and a right whose remedy requires the dismissal of charges'"). Instead, the only appealable denials of motions to dismiss arise from an express statutory or constitutional right not to be tried at all. *Id.* And the only two such rights that the Court has recognized are double-jeopardy and speech-or-debate rights. *Id.* (holding order denying motion to dismiss based on government violation of grand-jury secrecy rules not immediately appealable). Claims of statutory immunity, lack of jurisdiction, and vindictive prosecution, on the other hand, do not qualify. *See Flanagan,* 465 U.S. at 270 (citing early cases); USA v. Hollywood Motor Car Co., 458 U.S. 263 (1982) (per curiam).

The defendants here are covered by the reasoning of these latter cases. The defendants are effectively claiming that the government has no authority to prosecute them in light of Section 538—just as a defendant might assert that he has statutory immunity from prosecution, that there is no federal subject matter jurisdiction over his conduct, or that prosecutors have acted ultra vires by bringing additional charges following a prior defense appellate victory. But none of those claims would be immediately appealable because none satisfies the third prong of the collateral-order test, which requires that the issue be effectively unreviewable on a final judgment. Likewise here, if the defendants are right about Section 538's reach, then the court of appeals can vindicate their position that they should not have been tried by reversing their convictions—just as an appellate court can vindicate a jurisdictional defense by agreeing

United States' Response to Defendants' Motion to Stay Proceedings and Strike Deadlines and Trial Date - 4
P50218JJ.EAH.Harvey.Response.docx

that a defendant should never have been tried in the first place and therefore vacating his convictions.

In an effort to distinguish this line of cases, the defendants attempt to tie their claims to the expenditure of funds. Because those funds cannot be replaced once spent, the argument goes, review after final judgment comes too late. But the defendants are only interested in the funding issue insofar as the funds are used to secure their convictions under an otherwise valid indictment. In other words, the potential harm that gives the defendants a stake in the Section 538 issue is a conviction at the end of this prosecution. And that harm is quite easily remedied on appeal.

The case cited in the defendants' stay motion, *USA v. Godinez-Ortiz*, 563 F.3d 1022 (9th Cir. 2009), doesn't speak to the present context at all. *Godinez* did not concern a pretrial motion to dismiss. It addressed a district court order, following dismissal of the indictment without prejudice, committing the defendant to federal custody for additional mental-health testing. In finding appellate jurisdiction under the collateral-order doctrine, the Ninth Circuit expressly analogized "to appeals of detention orders and motions to reduce bail," *id.* at 1028, one of the categories that the Supreme Court has recognized as subject to immediate appeal, *see Flanagan*, 465 U.S. at 266.

In their request for a stay, the defendants have characterized their motion to dismiss the indictment as a "motion to dismiss/enjoin." They may be making that move to analogize their case to the civil-injunction context, where orders denying injunctive

United States' Response to Defendants' Motion to Stay Proceedings and Strike Deadlines and Trial Date - 5
P50218JJ.EAH.Harvey.Response.docx

relief are immediately appealable by statute apart from the collateral-order doctrine. *See United States v. Samueli*, 582 F.3d 988, 993 (9th Cir. 2009) (discussing 28 U.S.C. § 1292(a)(1)). That relabeling does not change the substance of their pretrial motion, which primarily sought dismissal of the indictment and is predicated on a claim that this prosecution is barred by statute from continuing—a claim directly analogous to the types of pretrial motions not subject to interlocutory appeal under Supreme Court precedent.

## Conclusion

Based upon the above the United States submits that the Defendants' Motion to Stay Proceedings and Strike Deadlines and Trial Date (ECF No. 583) should be denied and the current trial date should remain firm.

DATED February 19, 2015.

          MICHAEL C. ORMSBY
          UNITED STATES ATTORNEY

          *s/Earl A. Hicks*
          Earl A. Hicks
          Assistant United States Attorney

# **CERTIFICATION**

I hereby certify that on February 19, 2015, I electronically filed the foregoing with the Clerk of the Court and counsel of record using the CM/ECF System.

Jeffrey Niesen
Attorney at Law
1411 W. Pinehill Road
Spokane, WA  99218

Robert R. Fischer
Federal Defenders of Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, WA  99201

>                             *s/Earl A. Hicks*
>                             Earl A. Hicks
>                             Assistant United States Attorney

United States' Response to Defendants' Motion to Stay Proceedings and Strike Deadlines and Trial Date - 7
P50218JJ.EAH.Harvey.Response.docx